**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-00199-WJM

DENISE C. COX,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

## ORDER AFFIRMING DECISION OF THE COMMISSIONER

---

This matter is before the Court on Plaintiff Denise C. Cox's appeal from the final decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for supplemental security income. Plaintiff has filed his Opening Brief (ECF No. 19)[1], the Commissioner filed a Response (ECF No. 20), and Plaintiff filed a Reply (ECF No. 23). The Commissioner has also filed the administrative record. (ECF No. 8.) On October 1, 2012, this action was reassigned to the undersigned. (ECF No. 24.) After carefully analyzing the briefs and the administrative record, the Court AFFIRMS the final decision of the Commissioner.

## I.  JURISDICTION

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

---

[1]    Plaintiff actually filed five Opening Briefs. (ECF Nos. 15-19.) The later Opening Briefs purport to correct the original Opening Brief. In the interest of efficiency, the Court will refer to Plaintiff's Opening Brief filed on August 1, 2012. (ECF No. 19.)

## II.  BACKGROUND

Plaintiff was born in 1962 and worked in the past as a telemarketer.  (ECF No. 8 at 76-77.)  She alleges that she became disabled in the early 1990s, due to chronic back pain[2], bipolar disorder, personality disorder, uncontrolled hypertension, extrinsic asthma, and gastroparesis.  (*Id.*)

On February 9 2009, Plaintiff filed an application for Social Security supplemental security income.  (*Id.* at 230.)  On October 14, 2010, Plaintiff, represented by an attorney, attended and gave testimony at an administrative hearing regarding her application.  (*Id.* at 143-50.)  In June 2011, Plaintiff's application was denied.  (*Id.* at 91-100.)

On June 1, 2011, Administrative Law Judge James A. Wendland (the "ALJ") issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.*)  The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*).  Under Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (*Id.* at 91.)  At Step 2, the ALJ determined that Plaintiff suffered from a number of severe impairments, including back impairments, extrinsic asthma, obesity, bipolar disorder, personality disorder, and substance abuse in remission.  (*Id.* at 92.)  Under Step 3, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any presumptively disabling listed impairment.  (*Id.* at 92-94.)  Also under Step 3, the ALJ determined that Plaintiff had a residual functional capacity

---

[2]        Plaintiff has had five lumbar surgeries.  (*Id.* at 91.)

("RFC") to perform sedentary work with an option to stand every 45 minutes and no requirement to understand, remember and carry out more than simple instructions, or to interact with the general public.  (*Id.*).

Under Step 4, the ALJ found that Plaintiff was unable to perform her past relevant work.  (*Id*. at 98-99.)  Finally, under Step 5, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (*Id*. at 99-100.)

Plaintiff requested review by the Appeals Council.  (*Id*. at 85.)  On December 2, 2011, the Appeals Council denied Plaintiff's request for review.  (*Id*. at 1-3.)  Plaintiff then appealed that decision by initiating this administrative appeal on January 25, 2012. (ECF No. 1.)

## III.  ANALYSIS

### A.     Standard of Review

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited.  *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992).  The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence.  *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla of evidence but

less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

## B.    Evaluation of Disability

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the

analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

C.     Discussion

 Plaintiff argues that the ALJ erred because he: (1) failed to properly evaluate the opinion of Dr. Miller, a medical doctor at Denver Women's Correctional Facility; (2) failed to find that gastroparesis was a severe impairment; (3) failed at step five to properly determine that Plaintiff could perform other work that exists in the national economy; and (4) failed to properly evaluate Plaintiff's credibility.  In response, the Commissioner contends that the ALJ's findings were supported by substantial evidence and free of legal error.

"[T]he final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]."  *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1992); *see also* 20 C.F.R. § 404.1527(e) (medical source opinions on issues reserved to the Commissioner, such as whether a claimant is "disabled" or "unable to work," are not entitled to "any special significance").  "The ALJ, not a physician, is charged with determining a claimant's residual functional capacity [RFC]."  *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).  The ALJ is also responsible for weighing the evidence and resolving any conflicts.  *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).  Further, when determining a plaintiff's credibility and assessing his RFC, the ALJ must consider all of the evidence, both medical and non-medical.  *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); 20 C.F.R. § 404.1546 (the ALJ makes the RFC assessment based upon all evidence before him).

The Court has thoroughly reviewed the record before it and finds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence.

Moreover, the ALJ properly reviewed and evaluated the relevant objective medical evidence, medical source opinions, and non-medical evidence in this case before finding that Plaintiff was not disabled within the meaning of the Social Security Act.

First, although Plaintiff argues that the ALJ erred by failing to evaluate and assign weight to a medical opinion from Dr. Miller, there is no medical opinion from Dr. Miller in the record.  (ECF No. 16 at 16.)  The only mention of Dr. Miller in the record merely reflects that Dr. Miller increased Plaintiff's dosage of the prescription drug Risperdal.  (ECF No. 8 at 380.)  Because there is no statement by Dr. Miller that could be considered a medical opinion according to the agency's regulations, Plaintiff's argument is frivolous.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (the burden to prove disability is on the claimant).

Next, Plaintiff contends that the ALJ committed reversible error by not finding gastroparesis to be a "severe" impairment at step two of the sequential evaluation process described above.  However, "[o]nce the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two.  His failure to find that additional alleged impairments are also severe is not itself cause for reversal." *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. Aug. 12, 2008).  Here, the ALJ proceeded beyond step two of the sequential evaluation process and assessed Plaintiff's residual functional capacity between steps three and four.  Therefore, any error in not finding gastroparesis to be a "severe" impairment at step two was harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("Nevertheless any error [in not finding a specific impairment "severe" at step two] here becomes harmless when the ALJ reached the proper conclusion that Ms. Carpenter could not be denied benefits

conclusively at step two and proceeded to the next step of the evaluation sequence."); *Groberg v. Astrue*, 415 F. App'x 65, 67 (10th Cir. Feb. 17, 2011) (any error at step two is usually harmless when the ALJ proceeds to the remaining steps of the evaluation).

The ALJ also reasonably discounted Plaintiff's subjective complaints, articulating specific reasons for his finding supported by substantial evidence.  (ECF No 8 at 93-97.)  *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").  As such, substantial evidence supports the ALJ's medical conclusions and RFC assessment.

Moreover, the ALJ's reliance on a vocational expert to determine that an individual with Plaintiff's age, education, and work history could perform sedentary work with an option to stand every 45 minutes and no requirement to understand, remember and carry out more than simple instructions, or to interact with the general public, was not error.  (ECF No. 8 at 92-94.)  The vocational expert provided the codes for those jobs, and the numbers of those jobs available in Colorado and in the national economy. (*Id*. at 99-101.)  This evidence supported the ALJ's findings that Plaintiff could perform work existing in significant numbers.  *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (when findings regarding a claimant's impairment are adequately reflected in the ALJ's hypothetical questions to the vocational expert, the vocational expert's testimony constitutes substantial evidence to support the ALJ's related determination). Therefore, the Court finds that substantial evidence supports the ALJ's conclusion that

Plaintiff can perform the work described above. *See Hedstrom*, 783 F. Supp. at 556 (stating that "substantial evidence" requires more than a scintilla of evidence but less than a preponderance of the evidence).

The Court further finds that Plaintiff's remaining arguments lack merit. Accordingly, for the reasons stated above, the Courts finds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that the Commissioner's final decision is AFFIRMED.  Each party shall bear his own fees and costs.

Dated this 12th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge